966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew WALKER, Plaintiff-Appellant,
v.
Al WELCH, Lieutenant, and L. Comer, Officer, Defendant-Appellees.
 No. 91-3288.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 8, 1992.*
Decided June 9, 1992.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division; 88 C 91, John D. Tinder, Judge.
 
 
 1
 S.D.Ind.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Andrew Walker is an inmate in the custody of the United States Bureau of Prisons. He alleges that his Fourth, Fifth and Eighth Amendment rights were violated by the defendants while he was incarcerated at the United States Prison in Terre Haute, Indiana. Mr. Walker seeks damages under the Supreme Court's holding in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), which permits damage awards for violations of constitutional rights. The district court granted the defendants' motion for summary judgment on all counts. We affirm.
 
 I. BACKGROUND
 
 4
 On March 6, 1988, Mr. Walker was involved in an assault upon another inmate. Because Mr. Walker was implicated in the assault, Defendant Al Welch, a Correctional Supervisor at the prison, ordered Defendant Larry Comer, a Correctional Officer, to search Mr. Walker's cell for contraband. Pursuant to the search, Defendant Comer confiscated two loose-leaf binders[1] containing pornographic magazines and pornographic pictures that had been clipped from magazines. Defendant Welch considered the binders and their contents to be nuisance contraband constituting unauthorized use of government property under 28 C.F.R. § 553.12.
 
 
 5
 Defendant Welch informed Mr. Walker that the binders and magazines would be held pending proof of ownership. Mr. Walker was not provided with a copy of the written inventory of the seized property as required by prison regulations. 28 C.F.R. § 553.13(B)(2)(i). Mr. Walker insisted that all the confiscated property was rightfully his and that he could prove it. The magazines were returned to Mr. Walker since he did provide proof of ownership for them. In an attempt to informally resolve the dispute over the binders, Defendant Welch offered to have the binders and their contents sent to Mr. Walker's home if Mr. Walker would provide a mailing address. Mr. Walker refused to provide a mailing address, and has not provided proof of ownership of the binders.
 
 
 6
 Under the prison's regulations, two prison officials must certify that the inmate has made a good faith effort to resolve his complaint informally before he will be permitted to resort to the formal Administrative Remedy procedure. Inst.Supp. THA-1330.7G. Although Mr. Walker attempted to take advantage of the Administrative Remedy procedure, his attempt was cut short because he did not accept Defendant Welch's proposal to provide an address to which the binders could be mailed.
 
 
 7
 As part of the investigation into the assault, Mr. Walker was strip searched by Defendant Comer, and all of the property on his person was also confiscated. Included in this property was a pair of prescription eyeglasses. The glasses had been specially prescribed by a doctor to alleviate pressure in one eye. As alleged in the amended complaint, Mr. Walker "explain[ed] [his] need for the glasses" to Defendant Welch, but was told that he could not keep them. After the glasses were confiscated, Mr. Walker's eye pressure rose, and he suffered severe pain.
 
 II. ANALYSIS
 
 8
 We review de novo a district court's grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, after drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir.1990); Fed.R.Civ.P. 56(c).
 
 
 9
 Mr. Walker asserts that the search of his prison cell for contraband violated his right to be free from unreasonable searches under the Fourth Amendment. The district court correctly dismissed this claim. The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526 (1984).
 
 
 10
 Mr. Walker argues that the confiscation of his binders deprives him of property without due process of law in violation of the Fifth Amendment. Although he may have been deprived of his property, this was not done without due process of law. Deprivation of an inmate's property does not amount to a due process violation when there is a meaningful state post-deprivation remedy. Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517. In the present case, Mr. Walker had a number of post-deprivation remedies which he could have pursued. Defendant Welch tried to resolve the matter informally, but Mr. Walker did not provide an address to which the binders could be mailed. Mr. Walker failed to provide proof of his ownership of the binders, despite his assertions that he could do so. Mr. Walker could also have availed himself of the prison's Administrative Remedy proceedings if he could have persuaded two officials that he had exhausted in good faith any informal means of resolving his complaint. If the Administrative Remedy failed him, he could have filed a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.[2] Mr. Walker does not dispute the adequacy of these post-deprivation processes.[3] A plaintiff cannot overstep these avenues for asserting his rights, and then complain that he did not receive due process. The district court properly granted summary judgment on the Fifth Amendment claim.
 
 
 11
 Mr. Walker alleges that the defendants subjected him to cruel and unusual punishment when they confiscated his prescription eyeglasses. The evidence before the district court does not support this conclusion. There is both an objective and a subjective component to an Eighth Amendment claim. Not only must Mr. Walker demonstrate that he was deprived of treatment for "serious medical needs," Estelle v. Gamble, 429 U.S. 97, 104 (1976), but he must also show that the defendants acted with "actual knowledge of impending harm easily preventable." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986); see Wilson v. Seiter, 111 S.Ct. 2321 (1991). Assuming that Mr. Walker has established a serious eye condition, his submissions to the district court do not raise an issue that the defendants acted with the requisite intent. The single unsworn statement in his amended complaint alleging he explained to Defendant Welch the need for his glasses is insufficient to raise a material issue of fact.[4] In opposing a motion for summary judgment, the non-moving party may not simply rest on his pleadings, but must demonstrate with specific evidence that there is a genuine issue of material fact for trial. Lister v. Stark, 942 F.2d 1183, 1187 (7th Cir.1991). Mr. Walker has not presented evidence to show that the defendants understood the painful consequences of depriving Mr. Walker of his glasses. Summary judgment was appropriate on this claim.
 
 The judgment of the district court is
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Mr. Walker claims the defendants confiscated two binders, while the district court adopted the defendants' assertion that only one binder was taken. We note that in response to Mr. Walker's request for admissions, Defendant Comer admitted that two binders were seized. (R. 22 at 2). Because we must view the facts in the light most favorable to Mr. Walker, Thornton v. Evans, 692 F.2d 1064, 1074 (7th Cir.1982), we will assume two binders were confiscated
 
 
 [2]
 Mr. Walker is not unfamiliar with the Federal Tort Claims Act as evidenced by a prior appeal he filed with this Court. See Walker v. United States, No. 89-1993, unpublished order (7th Cir. Apr. 23, 1991)
 
 
 [3]
 The fact that he did not receive a written inventory of the property seized does not alone establish a constitutional violation
 
 
 [4]
 In his reply brief, Mr. Walker goes into more detail as to the defendants' intent. Yet the facts alleged in his reply brief were not presented to the district court. We will not reverse a district court's grant of summary judgment based on facts alleged for the first time in a reply brief. See Seglin v. Esau, 769 F.2d 1274, 1277 n. 1 (7th Cir.1985)